IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD G. REMBOLD<br>    Petitioner,<br>v. | *<br><br>*   CIVIL ACTION NO. PWG-16-1069 |
| MICHAEL CAPASSO, WARDEN<br>    Respondent. | *<br>***** |

## MEMORANDUM

On April 11, 2016, the Court received for filing the above-captioned 28 U.S.C. § 2241 petition for writ of habeas corpus by Donald G. Rembold ("Rembold"), a prisoner housed at the Harford County Detention Center ("HCDC"). Rembold states that, at the time he filed the petition, he had been awaiting trial for 27 months on state charges. He seemingly contends that he was being deprived of his due process right due to "misconduct" by state court judges, as well as the prosecutor, and that defense counsel failed to render effective assistance. ECF No. 1.

The same day that this Court received the petition, Rembold's trial on charges of sexual abuse of a minor, third-degree sex offense, and fourth-degree sex offense began; it concluded the next day. *See State of Maryland v. Donald Gary Rembold*, Case Nos. 12K14000396 & 12K14000397 (Harford Co. Cir. Ct.); http://casesearch.courts.state.md.us/inquiry ("State Ct. Docket"). While the electronic docket does not indicate the outcome of trial, it shows that sentencing has been set for July 20, 2016. *Id.*

Previously, Rembold filed a petition for writ of habeas corpus in this Court challenging the validity of his commitment to a mental health facility, because he was not competent to stand trial. *See Rembold v. Helsel, M.D.*, No. PWG-15-1825 (D. Md.). I required the Department of Health and Mental Hygiene to file a response limited to the issue of Rembold's commitment to Spring Grove

Hospital. Rembold was ultimately found competent to stand trial on September 3, 2015, and his petition was dismissed without prejudice because "special circumstances justifying this Court's intervention" to award federal pre-trial relief no longer existed. *See* Order, ECF No. 7, in PWG-15-1825. Additionally, the issue presented regarding procedural deficiencies in Rembold's commitment to Spring Grove was rendered moot by his transfer back to the HCDC upon a finding that he was competent to stand trial. *Id.*

In his second petition for habeas corpus relief, Rembold asserted that he was deprived of his legal papers, which were abandoned at Spring Grove Hospital when Harford County Sheriff's deputies picked him up, and that Harford County Circuit Court employees, including the judges presiding over his criminal case, were engaging in misconduct with regard to documents being filed in that case. *See* Pet. 5–16, ECF No. 1, in *Rembold v. Capasso*, No. PWG-15-3233 (D. Md.). As relief, Rembold sought to have this Court "address the misconduct" and order his release from confinement. *Id.* at 6. The petition was summarily dismissed without prejudice, because Rembold had failed to exhaust his state court remedies or to show exceptional circumstances for federal intervention into his pending state court criminal case. ECF Nos. 3 & 4, in PWG-15-3233.

In the pending petition, Rembold alleges that state court judges and the prosecutor engaged in misconduct and he received ineffective assistance of counsel through various pre-trial probable cause, suppression, and competency proceedings. Pet. 4–6. He asks that the Court dismiss the charges with prejudice, stay the state court proceeding pending resolution of this petition, and issue a certificate of appealability. *Id.* at 7.

Because he appears indigent, Rembold's motion for leave to proceed in forma pauperis shall be granted. Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in

custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Rembold states that he has filed two petitions for writ of habeas corpus in the Court of Appeals of Maryland, two petitions for writ of habeas corpus in the Court of Special Appeals of Maryland, and an amended petition for writ of habeas corpus in the Circuit Court for Baltimore County. He seemingly claims that each of his filings has either been referred to another court or failed to receive a response. Rembold alleges that the state court filings have not prompted a hearing. Pet. 2–3.

Federal court intervention is not permitted where available avenues exist in the state courts to address the claims asserted. I note that, on April 4, 2016, the Court of Special Appeals of Maryland referred Rembold's habeas corpus petition to an administrative judge. State Ct. Docket. In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). Additionally, his request for a stay is moot now that trial has concluded. *See* State Ct. Docket. The petition will therefore be dismissed without prejudice.

Rembold has no absolute entitlement to appeal the dismissal of his § 2241 petition. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). Rembold "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983). I decline to issue a certificate of appealability because Rembold has not made the requisite showing. A separate Order follows dismissing the petition without prejudice and closing the case.

Date: April 25, 2016

Paul W. Grimm
United States District Judge